# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

TEACHERS INSURANCE COMPANY,          )
                                     )
                      Plaintiff,     )
                                     )
          v.                         )     No. CIV-11-207-FHS
                                     )
TAMI PURCELL, individually and       )
as parent and next friend of         )
SKYLER PURCELL, a minor, MIKE        )
HALL, TAMMY HALL, TAYLOR HALL,       )
GENE DAVIS, and KELLY DAVIS,         )
d/b/a TIKI HUT, ULTIMATE CAR         )
WASH, and DARRELL THOMPSON,          )
                                     )
                      Defendants.    )

## ORDER

Before the court for its consideration is the Plaintiff's Motion For Summary Judgment and Brief in Support (Doc. #21). In this motion, plaintiff argues it is entitled to a judgment as a matter of law on its claim for declaratory relief.  Plaintiff argues there is no coverage under the policy in question because two exclusions to coverage apply.  Defendants Mike Hall, Tammy Hall, and Taylor Hall (Hall Defendants) responded that summary judgment is not appropriate because the exclusions in question do not apply. (Doc. # 25) Defendant Tami Purcell (Defendant Purcell) also responded (Doc. #26) that the business activities exclusion does not exclude coverage for this claim.  Defendant Purcell argues that bringing Skyler Purcell to the Tiki Hut to keep Taylor Hall company while she worked was a non-business activity and as such, the exclusion does not apply. Defendant Purcell also argues the other "premises" exclusion is not applicable because the Tiki Hut was not a "premises" for purposes of the insurance policy.  Defendant Purcell argues even if it were, defendant Hall

was not in control of the premises for purposes of the policy.
Defendant Purcell also argues the Teachers Insurance Company has
a duty to defend regardless of indemnify.

## STANDARD FOR SUMMARY JUDGMENT

Summary Judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show there is no genuine
issue as to any material fact and the moving party is entitled to
judgment as a matter of law."  Fed. R. Civ. P. 56©; See also
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
The moving party has the burden of demonstrating the absence of a
genuine issue of fact.  Celotex v. Catrett, 477 U.S. 317, 325
(1986).  If this initial burden is satisfied, the nonmoving party
then has the burden of coming forward with specific facts showing
there is a genuine issue for trial as to elements essential to
the nonmoving party's case.  Matsushita Elec. Indus. Co. v.
Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus.,
Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).
The nonmoving party cannot rest on the mere allegations of the
pleadings, but must go beyond the pleadings and "set forth
specific facts showing there was a genuine issue for trial as to
those dispositive matters for which [it] carries the burden of
proof." Applied Genetics v. First Affiliated Securities, 912 F.2d
1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome
of the suit under the governing law,' and a dispute about a
material fact is 'genuine' only 'if the evidence is such that a
reasonable jury could return a verdict for the nonmoving party.'"
Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting
Anderson, 477 U.S. at 248).  In this regard, the court examines

the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party.  <u>Deepwater Invs. Ltd. v. Jackson Hole Ski Corp</u>, 938 F.2d 1105, 1110 (10th Cir. 1991).  This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  <u>Anderson</u>, 477 U.S. at 249.  With these standards in mind, the court turns to the merits of the plaintiff's motion.

**FINDINGS OF FACTS**

The undisputed facts are as follows.  At all relevant times to this matter, there was in force and effect a policy of homeowners' insurance issued by Plaintiff Teachers Insurance Company to Defendants Mike and Tammy Hall, Defendant Taylor Hall's parents, bearing policy number 001179362.  A pertinent provision of this policy provides:

> This policy does not apply to bodily injury or property damage which results directly or indirectly from: premises that are owned, rented, or controlled by an insured and that are not the insured premise.......

Defendant Taylor Hall worked at the Tiki Hut selling snow cones in the summers of 2008 and 2009.  The incident in question took place on June 27, 2009.  On that date, Taylor came to work with minor Defendant Skyler Purcell. Taylor was the lone employee of the Tiki Hut that day. Skyler Purcell and her older sister, Danielle, had stayed overnight the night before with Taylor. Danielle also worked at the Tiki Hut, but was not scheduled to work that day and did not want to go to work with Taylor. Skyler wanted to go to work with Taylor and Skyler's mother approved. Taylor and Skyler had been at the Tiki Hut for two to three hours when the injury occurred.  Skyler tried to unstick some ice in

the snow cone machine when she injured her hand.  At the time of
the incident, Taylor Hall resided with her parents, Mike and
Tammy Hall.  Taylor Hall is an insured under the policy in
question.

## Conclusion of Law

First, plaintiff argues that coverage for the claim is
excluded under the business activities section of the insurance
policy.  However, the court finds that in order for this section
to be applicable there needed to be proof that Taylor Hall was
compensated for her activities at the Tiki Hut.  The court could
find no such proof.  Accordingly, the court finds this exclusion
is not applicable in the case at bar.

The policy in question specifically excludes coverage for
both bodily injury arising from "premises that are owned, rented
or controlled by an insured and that are not the insured
premises." In the case at bar, the insured premises was the
Hall's residence, not the Tiki Hut. The Tiki Hut was housed in a
temporary structure.  As the only employee of the Tiki Hut on the
day in question, Taylor Hall was clearly in control of the
premises in question.  She was running the machinery and
assisting customers.  Taylor Hall was undisputedly an insured
under the policy.  However, the premises at which the accident
occurred were not the insured premises.  Accordingly, the court
finds the incident in question falls under this exclusion.  As a
result, there is no coverage for this incident under this policy.

The Hall Defendants and Defendant Purcell argue this
provision is not applicable to the facts in the case at bar
because the Tiki Hut was not a "premise" under the terms of the
policy.  It was not a piece of real property or a permanent
structure.  While the Hall Defendants and Defendant Purcell seem

to agree the term "premises" is not defined under the policy,
they believe the policy contemplates real property. The Hall
Defendants contend that since the hut was a temporary structure
under the terms of the policy it would not constitute a
"premises".

The court disagrees with this interpretation.  The court
finds that under the terms of the policy a mobile home is
considered to be a "premises". A mobile home is a temporary and
portable structure that can be moved. The structure in question
is also temporary and portable. The court finds no difference
between a mobile home and the structure in question.

Defendant Purcell also argues defendant Hall did not "own,
rent or control the premises" in question. Defendant Purcell
argues this exclusion contemplates coverage for another piece of
property owned by the insured but not the insured property.  "The
interpretation of an insurance contract is governed by state law,
and sitting in diversity, we look to the law of the forum state."
Boggs v. Great Northern Insurance Company, 659 F. Supp. 2d 1199,
1204 (N.D. Okla. 2009) Case law defines this phrase as a
possessory interest of the property in question. Case law makes
it clear that an insurable interest in the property in question
is not needed.  In Maryland Casualty Company v. Farmers Alliance
Mutual Insurance, 566 P.2d 168, 170 (Okl. App. 1977), the court
stated:

> A clause in a liability insurance policy excluding
> coverage with respect to damage to 'property in the
> care, custody or control of the insured or property as
> to which the insured for any purpose is exercising
> physical control' is construed as referring to
> possessory handling of the property as distinguished
> from proprietary control.

Defendant Hall clearly was in possession of the premises at the time of the accident in question.   Accordingly, the court finds this exclusion applies to the case in question.

Defendant Purcell next argues that in the Amended Complaint filed in state court a claim has been made for negligence against defendant Hall.  Defendant Purcell argues the policy exemptions are not applicable to the negligence claim.  This court disagrees.  The policy clearly does not cover damages for bodily injury incurred on premises that are "owned, rented or controlled by an insured and that are not the insured premises". The court has already found this exclusion applies to the facts of this case. The exclusion does not specify the type of claim it covers, but rather the circumstances it excludes.

Finally, defendant Purcell argues the plaintiff has a duty to defend the claims made in the Purcell's Second Amended Complaint. Under Oklahoma law, an insurer must defend an action "whenever it ascertains the presence of facts that give rise to the potential of liability under the policy" Utica Mutual Insurance Company v. Voyles, 277 Fed. Appx. 809, 812 (10th Cir. 2008).  Based on the evidence before it which has been previously discussed in this order, the court does not find there is even the potential for liability by the plaintiff in the underlying state court.  Accordingly, the court finds the plaintiff does not have a duty to defend under the facts of this case.

Accordingly, the court grants Plaintiff's Motion For Summary Judgment (Doc. 21).

**IT IS SO ORDERED** this 19th day of January, 2012.


Frank H. Seay
United States District Judge
Eastern District of Oklahoma